IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| COREY LEA | ) | |
| | ) | |
| v. | ) | NO. 3:23-cv-00340 |
| | ) | Trauger/Holmes |
| SECRETARY OF AGRICULTURE, THOMAS VILSACK, and THE UNITED STATES DEPARTMENT OF AGRICULTURE | ) ) ) | |

# **O R D E R**

Because of scrivener's errors, the Order entered February 9, 2024 (Docket Entry No. 40) is VACATED and replaced by the instant Order.

For the reasons set out below, the Court rules on the following motions as follows:

1) Plaintiff's motions to supplement and/or for further relief (Docket Entry Nos. 14, 30, 32, and 38) are deemed to be requests to amend his complaint and are **CONDITIONALLY GRANTED** as set out herein;

2) Plaintiff's emergency motion to stay deadline (Docket Entry No. 31) is **DENIED** as moot;

3) Plaintiff's multiple motions for preliminary injunctive relief (Docket Entry Nos. 12, 16, 18, 25, and 35) are **DENIED** without prejudice;

4) Plaintiff's motion to compel ADR (Docket Entry No. 37) and renewed motion to compel mediation (Docket Entry No. 39) are **DENIED**;

5) Plaintiff's motion to compel (Docket Entry No. 10) is **DENIED**; and,

6) Defendants' motion to dismiss (Docket Entry No. 21) is **DENIED** without prejudice.

# BACKGROUND[1]

Corey Lea ("Plaintiff") is a Black "rancher and entrepreneur" who resides in Murfreesboro, Tennessee. In April 2023, he filed this *pro se* lawsuit against Thomas Vilsack, Secretary of Agriculture ("Vilsack"), and the United States Department of Agriculture ("USDA"), raising five claims and seeking various forms of declaratory and injunctive relief based on alleged racial discrimination by Vilsack and the USDA in administering federal financial assistance and other programs. *See* Complaint (Docket Entry No. 1). Plaintiff asserts that he brings his lawsuit "to challenge a law that distributes benefits and burdens on the basis of race in violation of the Equal Protection Component of the Due Process Clause of the Fifth Amendment to the Constitution." *Id*. at 3. Specifically, he complains about the manner in which the USDA has resolved administrative claims and civil rights complaints brought by Black farmers and about the manner in which the USDA and Vilsack have administered and implemented Section 1006 of the American Rescue Plan Act ("ARPA"), Pub. L. No. 117-2, 135 Stat. 4 (2021), and Sections 22006 and 22007(e) of the Inflation Reduction Act ("IRA"), Pub. L. 117-169, 136 Stat. 1818 (2022).

In response to the complaint, Defendants filed the pending motion to dismiss, raising the defenses of lack of subject matter jurisdiction due to lack of Article III standing, *res judicata* due to the dismissal of prior federal lawsuit brought by Plaintiff, and improper venue, as well as raising an argument that Plaintiff fails to state a claim for relief.

Although Plaintiff's complaint sets out five specific claims, four of the several motions that Plaintiff has filed since filing his complaint seek to add new claims, new allegations, and new

---

[1] The Court recites this background solely to provide context to resolution of the pending motions.

2

Case 3:23-cv-00340   Document 42   Filed 02/12/24   Page 2 of 7 PageID #: 451

requests for relief. Although the motions are not styled as motions to amend, for all practical purposes, they seek to amend Plaintiff's pleading. The bulk of the other motions filed by Plaintiff primarily seek orders from the Court that either prevent Vislack and the USDA from taking certain actions under the ARPA and IRA or require them to take certain actions.

## RESOLUTION OF THE PENDING MOTIONS

### Amendment of complaint (Docket Entry Nos. 14, 30, 32, and 38)

A case must have clarity as to the allegations and claim that are at issue. However, in this case, Plaintiff, by repeatedly seeking to revise or to add to or revise his allegations, claims, and requests for relief, makes it difficult to determine what is at issue in this case and difficult for Defendants' to formulate a response. For example, Plaintiff's most recent motion for further relief seeks to add no less than 12 distinct legal claims. *See* Docket Entry No. 38. An amended pleading generally replaces and supplants a prior pleading. *Drake v. City of Detroit*, 266 F.App'x 444, 448 (6th Cir. 2008). However, it is not clear whether these 12 claims are intended by Plaintiff to replace his original claims.

Additionally, although Plaintiff's original pleading sets out only requests for declaratory and injunctive relief, the recent motion seeks 45 million dollars in punitive, compensatory, treble, and actual damages. *Id*. Requests for monetary relief from federal defendants implicate an entirely new set of legal issues that were not within the scope of the original relief requested.

Further, Plaintiff's recent motions include an individual, Zach Ducheneaux-FSA Dept. of Agriculture, as a defendant in the style of the case but that individual is not named as a defendant in the original pleading and has not been actually named as a defendant at any point in the case.

Finally, there is some contradiction between Plaintiff's original pleading and his recent motion. Plaintiff's original pleading includes allegations of violations of the ARPA and IRA. However, he states in his recent motion that "[i]t is to be noted that most of the claims in the instant case is for discrimination that occurred after January 1, 2021, and **is not subject to the [ARPA or the IRA].**" *Id*. at 6, ¶ 9. (bold added for emphasis).

In the end, the interests of justice support requiring Plaintiff to file a single pleading that clarifies his case. Neither the Court nor Defendants should be required to cross-reference four different documents in order to determine the claims and allegations that are at issue in this case. **Accordingly, by no later than March 4, 2024, Plaintiff must file a comprehensive, amended complaint that encompasses the entirety of his allegations and that clearly and distinctly sets out his claims.**

In making this directive, the Court advises Plaintiff that the Court will not look favorably on an excessive or bloated amended complaint. For example, the 58-page motion for further relief filed by Plaintiff is filled with redundant allegations and unnecessarily includes voluminous legal arguments that need not be included. Rule 8(a)(2) provides, in relevant part, that a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief [.]" The objective of Rule 8 is to make complaints simpler, rather than more expansive. *Kuot v. Corr. Corp. of Am.*, 2018 WL 655158 at *1 (M.D.Tenn. Feb. 1, 2018) (Crenshaw, J.). As cogently explained by another court dealing with this issue;

> A complaint should not be "swollen with irrelevant rhetorical flourishes." Moreover, the "purpose of the complaint is not to set forth every factual detail related to the alleged misconduct. It is to give the defendants notice of the causes of action being asserted against them and the alleged misconduct giving rise to those claims." The complaint should contain itself to setting forth the relevant facts and be free of legal argumentation. Plaintiffs should also avoid drafting complaints

4

> that are "excessively long and unnecessarily redundant." Parties who fail to follow these simple rules "place an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage. "

*Nwaubani v. Grossman*, 2014 WL 12914528 at *3 (D.Mass. Feb. 28, 2014) (internal citations omitted) (finding that the plaintiff's 147-page amended complaint did not comply with Rule 8 and directing the plaintiff to file a pleading that complied with Rule 8). In drafting his comprehensive amended complaint, Plaintiff should observe the following guidelines that were provided to another *pro se* plaintiff who was given the opportunity to amend his complaint in lieu of dismissal:

> The statement should be short because unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage. Plaintiff should avoid legal argument, conclusory statements, tangential discussions, and the provision of unnecessary supporting evidence.

*Kuot*, 2018 WL 655158 at *2.

### Defendants' motion to dismiss (Docket Entry No. 21)

Because Plaintiff's new pleading will replace his prior pleading and become the operative complaint, see *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000), Defendants' motion to dismiss is **DENIED** as moot and without prejudice to filing of a motion to dismiss in response to the new pleading.

### Plaintiff's motions for preliminary injunctive relief (Docket Entry Nos. 12, 16, 18, 25, and 35) and to compel (Docket Entry No. 10)

Similarly, Plaintiff's multiple motions for preliminary injunctive relief and to compel are **DENIED** as moot and without prejudice. The Court cannot take up requests for such relief without first having clarity as to the claims and allegations at issue.

**Plaintiff's emergency motion to stay deadline (Docket Entry No. 31)**

Further, Plaintiff's emergency motion to stay deadline (Docket Entry No. 31) has become moot because the deadline at issue has passed. The Court also notes that some of Plaintiff's motions are themselves contradictory in as much as he requests an order in one motion that prevents the distribution of funds from the ARPA and IRA, *see* Docket Entry No. 12, but in another motion he requests an order requiring that funds be distributed to him under the ARPA and IRA. *See* Docket Entry No. 25.

**Plaintiff's motion to compel ADR (Docket Entry No. 37) and renewed motion to compel mediation (Docket Entry No. 39)**

Plaintiff's motions to compel alternative dispute resolution and to compel mediation are **DENIED** as unpersuasive. The parties are free to explore settlement and mediation on their own, but the Court sees no reason to compel a mediation at this time. Additionally, the mediation referred to by Plaintiff in his motion to renew is not a court-initiated mediation but one that Plaintiff must initiate with the FSA on his own.

## CONCLUSION

Based on the foregoing, the Court **ORDER**S as follows:

1) Plaintiff's motions to supplement and/or for further relief (Docket Entry Nos. 14, 30, 32, and 38) are deemed to be requests to amend his complaint and are **CONDITIONALLY GRANTED** as set out herein and **Plaintiff is directed to, by no later than MARCH 4, 2024, file a comprehensive, amended complaint that encompasses the entirety of his allegations and that clearly and distinctly sets out his claims.**

2) Plaintiff's emergency motion to stay deadline (Docket Entry No. 31) is **DENIED** as moot.

3) Plaintiff's multiple motions for preliminary injunctive relief (Docket Entry Nos. 12, 16, 18, 25, and 35) are **DENIED** without prejudice.

4) Plaintiff's motion to compel ADR (Docket Entry No. 37) and renewed motion to compel mediation (Docket Entry No. 39) are **DENIED**.

5) Plaintiff's motion to compel (Docket Entry No. 10) is **DENIED**.

6) Defendants' motion to dismiss (Docket Entry No. 21) is **DENIED** without prejudice.

Any party objecting to this Order may do so by filing a motion for review no later than fourteen (14) days from the date this Order is served upon the party. The objections/motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the objection. *See* Rule 72.01(a) of the Local Rules of Court. Responses to the objections/motion for review must be filed within fourteen (14) days of service of the motion for review. *See* Rule 72.01(b) of the Local Rules of Court.

It is SO **ORDERED**.

_____
BARBARA D. HOLMES
United States Magistrate Judge

7

Case 3:23-cv-00340   Document 42   Filed 02/12/24   Page 7 of 7 PageID #: 456