# Exhibit

Ex 11

In re: COREY LEA, COREY LEA INC.,
START YOUR DREAM INC., and
COWTOWN FOUNDATION, INC.,[1]

      Petitioners

## DECISION AND ORDER DISMISSING PETITION

I. **Procedural History**

On March 31, 2011, Corey Lea (Petitioner)[2] filed a petition for a hearing before the Office of the Office of Administrative Law Judges (OALJ) for the United States Department of Agriculture (Secretary; USDA) regarding the denial of complaints of discrimination that he had filed with USDA's Office of the Assistant Secretary for Civil Rights (OASCR). In a Decision issued March 25, 2010, OASCR dismissed Petitioner's complaints, which alleged that he had been discriminated against by USDA's Farm Service Agency (FSA). Petitioner invoked the Administrative Procedures Act (APA), 5 U.S.C. §551, et seq., as authority for OALJ to conduct the requested hearing and review of the OASCR's determinations.

In an amended petition filed on April 18, 2011, Petitioner asserted that his request for a hearing was permitted by the APA because OASCR failed to issue a final determination within 180 days of his complaint of May 1, 2008. Petitioner further asserted that as a member of the class addressed in the Consent Decree and subsequent rulings in the matter of <u>Pigford et al v.</u>

---

[1] I have amended the original caption of this case to include the additionally named petitioning parties.
[2] Throughout this Decision and Order "Petitioner" refers to Corey Lea, whose pleadings variably identified himself as "Plaintiff", "Complainant" and "Petitioner".

1

<u>Dan Glickman, Secretary, United States Department of Agriculture</u>[3], he has standing to request a hearing in the denial of his complaints.

On April 25, 2011, OASCR filed a response asserting that OALJ had no authority to conduct a hearing or otherwise assume jurisdiction over Petitioner's complaints. OASCR moved for dismissal of Petitioner's petitions for a hearing.

On May 2, 2011, duplicated on May 9, 2011, Petitioner filed a memorandum opposing the dismissal of his request for a hearing before OALJ. In addition, Petitioner filed an administrative tort claim for property damage and personal injury, requesting relief in the amount of $10,000,000.

On May 9, 2011, Petitioner moved to supplement his statement of jurisdiction to assert that OALJ has jurisdiction to hold a hearing in the instant matter pursuant to Section 741 and 7 C.F.R. §15f et seq.

On May 19, 2011, Petitioner filed another document titled "Original Complaint", which included additionally named "Petitioners"[4]. Additional claims of discrimination were alleged.

II. **Issues**

1. Whether Petitioners are entitled to a hearing before OALJ regarding the Secretary's dismissal of complaints of discrimination;

2. Whether OALJ has authority to order USDA to disclose information and provide documents to Petitioners pursuant to the Freedom Of Information Act (FOIA), 5 U.S.C.§552.

---

[3] 185 F.R.D. 82 (D.D.C. 1999); 206 F.3d 1212 (D.C. Cir. 2000); 127 F. Supp. 2nd 35 (2001).
[4] Hereafter, all references to "Petitioners" shall be construed to include all individuals named as Complainant, Petitioner or Plaintiff in the pleadings filed with OALJ.

3. Whether OALJ has authority to determine whether Petitioners are entitled to damages for property damage and personal injury pursuant to the Torts Claim Act (FTCA), 28 U.S.C. §1346(b).

III. **Factual History**

1. <u>Background</u>

Two class-action lawsuits filed in 1997 and 1998 alleged that the USDA had discriminated against African-American farmers on the basis of race. The cases were consolidated and settled in 1999 by a consent decree (Decree) entered on April 14, 1999 by the Honorable Paul Friedman of the U.S. District Court for the District of Columbia. 185 F.R.D. 92 (1999). The Decree certified a class of individuals defined generally as all African-American farmers who farmed or attempted to farm between January 1, 1981 and December 31, 1996; who had applied to USDA for federal farm credit or benefits; and who believed that they were discriminated against and had filed a discrimination complaint on or before July 1, 1997.

To be eligible for relief under the Decree, individuals were required to comply with filing procedures, meet time limitations, and provide certain evidence. The Decree allowed individuals to choose between two separate tracks of relief, and an individual's choice of remedy was "irrevocable and exclusive". See, Decree at Paragraph 5(d). In addition, individuals who otherwise qualified for relief but failed to timely file a complete claim could petition the Court for an extension of time if extraordinary circumstances prevented compliance with the time limitations. Individuals also had the right to opt out of the class and pursue relief on an individual basis.

The Decree further provided that individuals who had not filed a discrimination complaint until after July 1, 1997 would be entitled to relief if they could establish that they had

3

attempted to pursue a remedy but filed defective pleadings; or failed to file a timely complaint in reliance upon inducement by USDA officials; or were prevented from filing a timely complaint due to extraordinary circumstances. Under the terms of the Decree, USDA was enjoined from pursuing foreclosure actions against class members. In addition, all members who established discrimination were entitled to priority consideration of their applications for credit for up to five years after the entry of the Decree.

Because many potentially eligible class members did not timely file their claims under the Decree, Section 14012 of the 2008 Farm Bill provided class members with a new right to sue in federal district court, or in the alternative, the right to seek an expedited review based upon the remedies set forth in the Decree. All lawsuits filed under the auspices of the 2008 Farm Bill have been consolidated into one case, <u>In re Black Farmers Discrimination Litigation</u>, 08-mc-0511 (D.D.C.), which is pending before Judge Friedman. In addition, Judge Friedman ordered USDA to establish a neutral website to provide information regarding these claims, and the address for the site is as follows: <u>http://www.blackfarmercase.com/index.php?option=com_content&view=article&id=52&Itemid =58</u>. The website posts a list of all lawsuits now consolidated before Judge Friedman. The list does not include a suit filed by any of the Petitioners in the instant matter.

2. Petitioners' Allegations

In the first petition before OALJ, Petitioner asserted that he filed complaints of discrimination that charged FSA with willful and erroneous devaluation of his property on appraisal. Petitioner alleged that his property was foreclosed in violation of the Decree's cease

and desist Order[5]. Petitioner further charged FSA with violations of FOIA and requested an order directing USDA to disclose records.

In his amended complaint before OALJ, Petitioner again alleged that the appraisal method used by FSA with respect to his property and the foreclosure action taken against his property represented violations of civil rights law.

In another "Original Complaint" that identified additional Petitioners, it was alleged that FSA employees engaged in discriminatory acts concerning applications for federal financial assistance. Petitioners sought remedies in tort for property loss and personal injury.

IV. DISCUSSION

I find it appropriate to consolidate all of the petitions and causes of action for disposition in the instant Decision and Order.

1. <u>OALJ Lacks Jurisdiction to Hold a Hearing to Review Petitioners' Complaints of Discrimination</u>

Part 15d of 7 C.F.R. sets forth the nondiscrimination policy of USDA regarding programs or activities in which agencies of USDA provide benefits directly to persons, and establishes the process for administrative review of complaints of discrimination. 7 C.F.R. §15d.1. Individuals who believe that they have been subjected to discrimination on the grounds of race, color, religion, sex, age, national origin, marital status, familial status, sexual orientation, disability, or financial status may file a written complaint with the Director of the Office of Civil Rights, USDA, within 180 calendar days from the date of the discrimination. 7 C.F.R. §§15d.2, and 4 (a) and (b). The Director is authorized to investigate complaints and make final determinations as to the merits of the complaint and to order corrective actions arising from the complaints. 7 C.F.R. §15d.4 (b).

---

[5] Though Petitioner does not specifically refer to the Decree, I infer as much from his pleadings and references.

5

Petitioners' complaints fall within the scope of Part 15d, as their allegations of discrimination concern eligibility for farm loans and intentional discriminatory practices by FSA employees. The prevailing regulations do not provide the right to a hearing regarding the OASCR's conclusions, as the rules specifically state that the Office of Civil Rights "will make final determinations as to the merits of complaints. . .and as to the corrective actions required to resolve program complaints." 7 C.F.R. §15d.4(b). Congress may authorize agencies to promulgate such regulations deemed necessary to implement a statute. U.S. Const., **Article I, Section 8, Clause 18**. In the instant circumstances, USDA's regulations specifically vest the OASCR with authority to make the final determination regarding complaints of program discrimination.

Petitioners argue that the APA requires a hearing before the OALJ because their complaints were not decided within 180 days.[6] Petitioners cite no statutory provision of the APA that supports their right to a hearing before USDA's OALJ. Moreover, the prevailing regulations concerning complaints of discrimination place no limitation on the time it takes USDA to process a complaint. 7 C.F.R. Part 15d.

*Section 741*

Petitioners assert that they are entitled to a hearing under Section 741, enabled by regulations set forth at 7 C.F.R. Part 15f. The regulatory scheme provides procedures for processing certain complaints of discrimination that were filed with USDA prior to July 1, 1997, and the regulations authorize OALJ to hear complaints of discrimination; however the rule states that

---

[6] OASCR has surmised that Petitioner relies upon rules controlling the processing of complaints of alleged employment discrimination by USDA. Since "180 days" is a hallmark period that triggers appeals and tolls the period for filing complaints of discrimination in many programs covered by USDA regulations, I decline to engage in similar speculation.

6

> if at any time the ALJ determines that your complaint is not an eligible complaint, he or she may dismiss your complaint with a final determination and USDA review of your complaint will then have been completed.

7 C.F.R. §15f.12.

Petitioners' complaints were filed, by Petitioners' admissions, on or about May 1, 2008 and involve alleged acts of discrimination occurring after July 1,1997. See, all pleadings of Petitioners. Accordingly, Petitioners' complaints were not filed, either actually or constructively, with USDA prior to July 1, 1997, and they are not eligible complaints under Section 741. Therefore, OALJ's sole authority under Section 741 is to dismiss the petitions for a hearing, and OASCR's determinations in the complaints constitute the final agency determinations. 7 C.F.R. §15f.12.

*7 C.F.R. Part 15 Subparts A and C*

Some of Petitioners' allegations may be construed to fall within the auspices of USDA's regulations implementing title VI of the Civil Rights Act of 1964 ("the Act"), as the complaints ostensibly involve guaranteed loans.[7] Part 15 Subpart A prohibits discrimination against a participant in a USDA-assisted program or activity[8]. 7 C.F.R. §15.3. However, the rules that apply to discrimination in federal financial assistance programs do not automatically provide Petitioners with the right to a hearing. The regulations authorize the OASCR to determine the manner in which complaints under this Subpart shall be investigated, and whether remedial action is warranted. 7 C.F.R. §15.6. The regulations specifically allow applicants or recipients to request a hearing before OALJ if the applicant or recipient is adversely affected by an Order of the Secretary suspending, terminating, or refusing to continue Federal financial assistance; and

---

[7] I have credited Petitioner's undocumented references to foreclosure by "a Bank" with "the permission" of USDA officials and the United States Attorney's Office.
[8] "Program" and "activity" are described at 7 C.F.R. § 15.2(k)(1)-(4) and a list of Federal Financial Assistance from USDA is set forth at Appendix A to Subpart A of Part 15.

7

the Secretary subsequently denies a request to restore eligibility for the assistance. 7 C.F.R. §§ 15.8(c); 10(f); 10(g); Subpart C.  There is no evidence of a specific Order by the Secretary suspending or terminating Federal financial assistance to Petitioners, or an Order by the Secretary refusing to continue or grant the same.  Similarly, there is no evidence that Petitioners requested the Secretary to restore their eligibility for assistance, which is the event that triggers the right to a hearing.  Accordingly, Petitioners are not entitled to a hearing under §§ 15.09 and 15.10.

*Authority of Secretary to Delegate Responsibility for Final Determination*

In addition, the regulations empower the Secretary to assign responsibilities to other agencies to effectuate the purposes of the Act. 7 C.F.R. §15.12 (c).  As OASCR has moved for dismissal of Petitioners' complaints with OALJ, it is axiomatic that the complaints were not referred to OALJ for a hearing and Petitioners have no right to a hearing pursuant to §15.12(c).

*Administrative Procedures Act*

Petitioners refer to the APA as the authorizing statute for OALJ's jurisdiction, but fail to state with any specificity how the APA vests OALJ with statutory or regulatory jurisdiction.  The APA provides a framework for agencies to follow to assure due process in adjudicatory proceedings, but the statute allows broad latitude to agencies to establish their own procedures within that framework.  See, 5 U.S.C. §554.  The right to a hearing under the APA exists only so long as another statute provides for such right. 5 U.S.C. §551 et seq.  USDA has promulgated regulations governing adjudications before OALJ where prevailing statues require a hearing on the record.  Petitioners' request for a hearing does not involve any of those statutes, which are enumerated at 7 C.F.R. § 1.131.  Absent specific statutory authority, the APA does not vest OALJ with jurisdiction to hold a hearing in Petitioners' complaints.

8

*Consent Decree and Section 1402 of the Farm Act of 2008*

In the instant matter, Petitioner asserts that he was among the class members covered by the Consent Decree between African-American farmers and the USDA, which was further addressed by the Farm Act of 2008. However, the record does not demonstrate that Petitioner meets the criteria for class membership. The Decree provided remedies to individuals who did not file a discrimination complaint until after July 1, 1997 if they could establish the pre-requisites discussed infra., supra. Petitioner admits that his complaints were filed in 2008, well past the time anticipated by the Decree, and nine years after the Decree was entered. Moreover, Petitioners cannot establish that they would have filed a complaint within the period encompassed by the Decree, as the events underlying their allegations of discrimination also occurred years after the Decree's timeframe. In addition, since the Farm Bill of 2008 addressed additional methods for processing complaints covered by the Decree, Petitioners' complaints are not covered by that legislation.

Moreover, even if any of the Petitioners could establish membership in the class affected by the Decree and the Farm Bill of 2008, a complaint would need to be filed in federal district court, and not before the USDA OALJ. See, Section 14012 of the 2008 Farm Bill. Accordingly, the Decree and Farm Bill of 2008 do not provide OALJ with jurisdiction to hear Petitioners' complaints.

2. Tort Claims and Claims of Fraud

Petitioners seek remedies in tort for alleged actions by employees of USDA. Under the common law doctrine of sovereign immunity, "the United States cannot be sued without its consent." Federal Housing Administration v. Burr, 309 U.S. 242, 244 (1940). "Congress alone has the power to waive or qualify that immunity." United States v. Chemical Foundation, Inc.,

9

272 U.S. 1, 20 (1926). In 1946, Congress enacted the Federal Tort Claims Act (FTCA), 28 U.S.C. §1346(b), waiving sovereign immunity for some tort suits and making the United States liable for injury to or loss of property, or personal injury or death, caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment. 28 U.S.C. § 1346(b); §§2671-2680.

Prior to filing suit under the FTCA, a claimant must present his claim to the federal agency out of whose activities the claim arises (28 U.S.C. § 2675) within two years after the claim accrues (28 U.S.C. § 2401). McNeil v. United States, 508 U.S. 106 (1993); United States v. Kubrick, 444 U.S. 111, 120 (1979). Petitioners have filed with OALJ what purports to be an administrative claim and complaint for damages relating to allegations of loss of property and personal injury. Pursuant to 7 C.F.R. §2.31(a), the General Counsel for the USDA is delegated the authority to consider, ascertain, adjust, determine, compromise, and settle claims brought under the FTCA. OALJ has no authority to review or adjudicate such claims, and accordingly, they shall be dismissed.

3. Requests for information under FOIA

Agencies of the Federal Government are required to disclose documents after receiving a request under FOIA, unless those documents are protected from disclosure by one of nine exemptions. 5 U.S.C. §552(a): §552(b)(1)-(9). When an agency fails to disclose requested information or fails to respond within the statutory time limitations[9] the requester may file a suit in federal district court. 5 U.S.C. 552(a)(4)(B).

Petitioners request OALJ to order USDA's compliance with FOIA requests. Since the statute clearly grants jurisdiction over disputes involving requests for information to federal

---

[9] See, 5 U.S.C. § 552(a)(6)(A)(i).

district court, OALJ is deprived of jurisdiction to adjudicate Petitioners' assertions regarding compliance with FOIA.

## V. CONCLUSION

I find that OALJ is without jurisdiction to grant Petitioners' request for a hearing regarding the Secretary's denial of complaints of discrimination. OALJ also does not have jurisdiction to consider Petitioners' claims under the FTCA and FOIA. Accordingly, I find that Petitioners' request for a hearing should be dismissed.

ORDER

Petitioners' petitions for a hearing are hereby DISMISSED.

So ORDERED this _____ day of May, 2011 in Washington, D.C.

_____<br>
Janice K. Bullard<br>
Administrative Law Judge