# Exhibit

_____Ex B_____ Failure to Pay

UNITED STATES DEPARTMENT OF AGRICULTURE
BEFORE THE SECRETARY OF AGRICULTURE

In re:

    Dan Colbert,                        P&S Docket No. 23-J-0032

           Respondent.

## DECISION AND ORDER WITHOUT HEARING BY REASON OF DEFAULT

Appearance:

*Michelle McMurtray, Esq., with the Office of the General Counsel, United States Department of Agriculture, Washington, DC, for the Complainant, the Deputy Administrator, Fair Trade Practices Program, Agricultural Marketing Service ("AMS").*

### Preliminary Statement

This is a disciplinary proceeding under the Packers and Stockyards Act, 1921, as amended and supplemented (7 U.S.C. § 181 *et seq*.) ("P&S" or "The Act"); the regulations promulgated thereunder by the Secretary of Agriculture (9 C.F.R. § 201.1 *et seq*.) ("Regulations"); and the Rules of Practice Governing Formal Adjudicatory Proceedings Instituted by the Secretary Under Various Statutes (7 C.F.R. §§ 1.130 through 1.151) ("Rules of Practice").

The Complainant, the Deputy Administrator, Fair Trade Practices Program, Agricultural Marketing Service, United States Department of Agriculture, initiated this proceeding against Respondent Dan Colbert by filing a Complaint on March 6, 2023. The Complaint alleged that Respondent failed to maintain an adequate bond or bond equivalent while engaged in the business of buying livestock in commerce on commission.

Respondent was duly served with a copy of the Complaint and did not file an answer within the twenty (20) day period prescribed by section 1.136 of the Rules of Practice (7 C.F.R. § 1.136).[1]

On May 3, 2023, I issued an order directing the parties to show cause ("Show Cause Order"), not later than twenty (20) days after that date, why default should not be entered

against Respondent. On May 19, 2023, Complainant file a Motion for Decision Without Hearing by Reason of Default ("Motion for Default") and [Proposed] Order for a Decision Without Hearing by Reason of Default ("Proposed Decision"). Respondent failed to respond to the Show Cause Order[2] and has not filed any objections to Complainant's Motion for Default or Proposed Decision.[3]

Failure to file a timely answer or failure to deny or otherwise respond to allegations in the Complaint shall be deemed, for purposes of this proceeding, an admission of the allegations in the Complaint, unless the parties have agreed to a consent decision. 7 C.F.R. § 1.136(c). Other than a consent decision, the Rules of Practice do not provide for exceptions to the regulatory consequences of an untimely filed answer where, as in the present case, no meritorious objections have been filed.[4]

As Respondent failed to answer the Complaint, and upon Complainant's motion for the issuance of a decision without hearing by reason of default, this Decision and Order is issued without further procedure or hearing pursuant to section 1.139 of the Rules of Practice (7 C.F.R. § 1.139).

### **Findings of Fact**

1.  Respondent Dan XXXXX is an individual whose principal place of business and mailing address is a home address located in Oklahoma and will not be stated herein to protect Respondent's privacy.

2.  At all times material herein, Respondent engaged in the business of a dealer under the act and registered with the Secretary of Agriculture as a dealer.

3.  On December 17, 2019, the USDA sent Respondent a "Letter of Credit Expiration" notifying Respondent that his Letter of Credit was set to expire on January 16, 2020, and that Respondent had an obligation to secure a new Letter of Credit, bond, or bond equivalent.

4.  On January 11, 2020, Respondent extended his letter of credit.

5.   On January 17, 2020, the Packers and Stockyards Division received notice from Respondent's bank indicating that the bank was terminating the letter of credit.

6.   On January 17, 2020, the Packers and Stockyards Division sent Respondent a Trust Agreement Termination and informed Respondent that engaging in any business without a bond or bond equivalent is a violation of the Act.

7.   Respondent did not obtain a new letter of credit.

8.   Between September 2020 and April 2021, Respondent purchased 1,313 head of livestock for $853,532.42 without the required $80,000 bond.

## Conclusions

1.   The Secretary of Agriculture has jurisdiction in this matter.

2.   By reason of the facts stated above, Respondent has willfully violated section 312 of the Act (7 U.S.C. § 213), 7 U.S.C. § 204 (which applies as a supplement to the Act), and sections 201.29 and 201.30 of the Regulations promulgated thereunder (9 C.F.R. §§ 201.29 and 201.30).

## ORDER

1.   Complainant's Motion for Decision Without Hearing by Reason of Default is GRANTED.

2.   Respondent, his agents and employees, directly or through any corporate or other device, in connection with operations subject to the Packers and Stockyards Act, shall cease and desist from engaging in operations subject to the Act without an adequate bond or bond equivalent.

3.   Respondent is assessed a civil penalty of $8,000.00, to be paid immediately by certified check or money order made payable to the Treasurer of the United States upon the final and effective date of this order. The payment shall be sent to the following address:

    USDA, Fair Trade Practices Program
    Packers and Stockyards Division
    P.O. Box 790312
    St. Louis, MO 63179-0312

[1] United States Postal Service records reflect that the Complaint was sent to Respondent via certified mail and delivered on March 14, 2023. Respondent had twenty (20) days from the date of service to file a response. 7 C.F.R. § 1.136(a). Weekends and federal holidays shall be included in the count; however, if the due date falls on a Saturday, Sunday, or federal holiday, the last day for timely filing shall be the following work day. 7 C.F.R. § 1.147(h). In this case, Respondent's answer was due on or before April 3, 2023. Respondent has not filed an answer in this matter.

[2] The Show Cause Order was issued on May 3, 2023; therefore, the parties were required to respond on or before May 23, 2023. As of this date, Respondent has not filed a response.

[3] United States Postal Service records reflect that the Motion for Default and Proposed Decision were sent to Respondent via certified mail and delivered on May 27, 2023. Respondent had twenty (20) days from the date of service to file objections thereto. 7 C.F.R. § 1.139. Weekends and federal holidays shall not be included in the count; however, if the due date falls on a Saturday, Sunday, or federal holiday, the last day for timely filing shall be the following work day. 7 C.F.R. § 1.147(h). In this case, Respondent's objections were due by June 16, 2023. Respondent has not filed any objections.

[4] 7 C.F.R. § 1.139; *see supra* note 3.

The certified check or money order shall include the docket numbers of this proceeding (P&S Docket No. D-23-J-0032)

This Decision and Order shall be final and effective without further proceedings thirty-five (35) days after service unless an appeal to the Judicial Officer is filed with the Hearing Clerk within thirty (30) days after service, as provided in sections 1.139 and 1.145 of the Rules of Practice (7 C.F.R. §§ 1.139 and 1.145).

Copies of this Decision and Order shall be served by the Hearing Clerk upon each of the parties, with courtesy copies provided via email where available.

Done at Washington, D.C., this 22 day of June 2023

_____

Channing D. Strother
Chief Administrative Law Judge

Hearing Clerk's Office
United States Department of Agriculture
Stop 9203, South Building, Room 1031
1400 Independence Avenue, SW
Washington, DC 20250-9203
Tel.:    202-720-4443
Fax:    1-844-325-6940
SM.OHA.HearingClerks@USDA.GOV