# Exhibit

21 Affidavit of Carl Bond

# AFFIDAVIT OF CARL BOND

I will give you a summary of my background while employed with USDA, Farm Service Agency. I was employed as a Farm Loan Officer and Manager for 31 years. My job required me to review, process, approve and close both direct and guaranteed loans. It also required me to service both the direct and guaranteed loans when they become delinquent. I retired from the USDA, Farm Service Agency on January 1 st 2011. Now I am an Agricultural Consultant, that works with customers that need my assistance with business plan, crop inspections, chattel appraisals and any explanation of policies and procedures used by lenders of the agricultural world. The lender of a guaranteed loan must follow the procedures of the FSA Handbook 2-FLP. In 2-FLP, Part 12; Servicing Delinquent Accounts. First the lender should determine if account is in Monetary Default of Nonmonetary Default. Once this is determine then the lender must follow the procedures in 2-FLP. If the borrower is Monetary Default, then the lender must follow the procedures on page 12-1 of 2-FLP. This give the lender the tools to use to prevent liquidation. The information on pages 12-1 to 12-31, if use by the lender would assist the borrower and cure any delinquencies that the lender might have with a guaranteed Loan. If the lender can't resolve the default problem with what is found in Part-12 of 2-FLP, then the lender can use Part 14; Liquidation. This section spells out what is needed in order to liquidate the account. This section starts on page 14-1 of Part 14. It states that after a lender has determined that a borrower's financial difficulties can't be solved with any 1 or combination of loan restructuring options, the lender must liquidate the loan. On page 14-1, there is the liquidation steps and maximum timeframes. The lender must submit FSA-2248 to the FSA Office to notify FSA that the borrower is in default, and every 30 days after the initial FSA-2248 has been received by FSA. The lender must submit a Liquidation Plan, after the loan is over a 150 calendar days past due. A written liquidation which will have the following information, a current balance sheet, a proposed method of maximizing the collection of debt which includes specific plans to collect any remaining loan balances. ( See Page 14-9 and 14-10 for requirement for Liquidation Plan) The liquidation must include the estimated liquidation expenses. The lender must submit FSA-2248 every 60 calendar days during the Liquidation. The liquidation plan must be approved by FSA, FSA has 20 days to approve the plan. Once the plan is approved then the lender can process with liquidation. On page 14-14; of 2-FLP the lender must provide FSA with Estimated Loss Claim on form FSA-2254 along with the needed supporting Documentation. If the forms mention above is not part of the liquidation plan, then the plan is not complete. All forms must be sign by the lender and the FSA official that is approving the forms. If the forms are not sign then the form is not approved and the liquidation process can't continue. In case where FSA has suspend all liquidation action, then no liquidation can take place unless the action was approved and it state that all liquidation is suspended which must include both direct and guaranteed loans program. The Lender must adhere to the following rules and regulations: Foreclosure and Acceleration (7 CFR 762.149) A Overview * * * The lender must initiate foreclosure action and accelerate the loan. The lender may not initiate foreclosure action on the loan until 60 calendar

days after eligibility of the borrower to participate in the IA Program has been established by FSA. The lender may accelerate the loan before FSA approval of a liquidation plan. B Borrower Files for Bankruptcy After Loan Note is Accelerated If the borrower files bankruptcy after the loan note is accelerated, the lender suspends liquidation proceedings until 1 of the following actions: bankruptcy case is dismissed or closed order lifting automatic stay is obtained from the court *--property is no longer property of the bankruptcy estate and the borrower has been--* discharged (see Part 13). Lender Submission of Final Loss Claim (7 CFR 762.149) (Continued) D Protective Advances Protective advances are expenses incurred by a lender to protect or preserve collateral from loss or deterioration. Protective advances should be shown on FSA-2254. Prior written authorization from the Agency is required for all protective advances in excess of $5,000 for CLP lenders, $3,000 for standard eligible lenders. The dollar amount of protective advances for PLP lenders will be specified when PLP status is *--awarded by the Agency or as allowed and contained in the lender's agreement. Protective advances are used only when the borrower is in liquidation, liquidation is imminent, or when the lender has taken title to real property in a liquidation action. Legal fees are not a protective advance. Protective advances may only be made when the lender can demonstrate the advance is in the best interest of the lender and the Government. Attorney fees are not allowed to be taken from liquidation funds without agency approval before the order of distribution.

I can attest, upon the penalty of perjury, that the aforementioned information is true and correct.

Date: 1/24/22

Carl Bond 1249 Governors Rd.
Winsor, NC 27983

Notary Public
Charlotte Smith        Seal:
Date
01/04/07  Charlotte
Signature