IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| COREY LEA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:23-cv-00340 |
| v. ) | |
| ) | Judge Aleta A. Trauger |
| THOMAS VILSACK, *et al.*, ) | Magistrate Judge Barbara D. Holmes |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER DENYING MOTION FOR ENTRY OF DEFAULT**

Pending is Plaintiff's Motion for Default Judgment By Non-Federal Defendants by the Clerk Pursuant to Federal Rule of Civil Procedure 55(b)(1). (Doc. No. 57). Specifically, Plaintiff's Motion seeks default judgment in the amount of $1,500,000.00 against Midtown Group, Analytic Acquisitions, and Windsor Group, LLC (collectively, "Defendants"). *Id.* For the following reasons, Plaintiff's Motion is **DENIED**.

A plaintiff must fulfill the procedural requirements of Federal Rule of Civil Procedure 55 by seeking entry of default pursuant to Rule 55(a) prior to seeking default judgment pursuant to Rule 55(b). *See* Fed. R. Civ. P. 55; *White v. Parker*, No. 1:11-CV-294-TRM-CHS, 2018 WL 1279545, at *3 (E.D. Tenn. Feb. 20, 2018). Plaintiff has not yet fulfilled the procedural requirements of Rule 55(a) or this Court's Local Rules by securing entry of default against Defendants prior to filing the instant motion. As a result, Plaintiff's motion, to the extent it seeks default judgment and monetary relief, is premature. However, based upon Plaintiff's supporting affidavit entitled "Affidavit in Support of Request for Entry of Default," (Doc. No. 57-2), the Clerk

1

will construe Plaintiffs' Motion as one for entry of default pursuant to Rule 55(a) and not one for default judgment pursuant to Rule 55(b).

On March 8, 2024, Plaintiff returned the summonses issued to the Defendants along with three Certified Mail Receipts. (Doc. No. 51 at PageID #: 578). The receipt addressed to Midtown Group is unsigned and undated. *Id.* The receipt addressed to Windsor Group LLC was delivered on February 26, 2024 to an "S. Chang," identified as "Agent". *Id.* The receipt addressed to Analytic Acquisitions is signed, but the signature is illegible, and the Date of Delivery field is blank. *Id.*

Pursuant to Local Rule 55.01, motions for entry of default pursuant to Rule 55(a) against legal entities must be accompanied by an unsworn declaration under penalty of perjury under 28 U.S.C. § 1746 verifying, among other things, (i) proof of service and (ii) the opposing party's failure to plead or otherwise defend. L.R. 55.01. In support of his Motion, Plaintiff filed an Affidavit in Support of Request for Entry of Default, in which he states, "A complaint was filed herein on, and service of process was had on the defendant on." [sic]. (Doc. No. 57-2). Also attached to his Motion are two U.S.P.S. receipts evidencing payment for Certified Mail parcels and providing "Event Details" that the parcels were delivered on February 23, 2024. The payment receipt does not identify the recipients by name. One states "Delivered, Front Desk/Reception/Mail" and the other states, "Delivered, Left with Individual." *Id.*

Upon review of the record, the Clerk finds that Plaintiff has not successfully verified proof of service as to the three Defendants as required by Local Rule 55.01(i). Federal Rule of Civil Procedure 4(e)(1), allows an individual to be served in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Tennessee Rule of Civil Procedure 4.04(10) expressly allows service by "registered return receipt

or certified return receipt mail." Tenn. R. Civ. P. 4.04(10). However, for service to be effective, any return receipt must be signed by the defendant, a person designated by Rule 4.04, or by statute. Tenn. R. Civ. P. 4.04(10). As this Court has previously explained,

> Rule 4.03(2) requires any party attempting service by mail to file with the clerk "'the original summons . . . ; an affidavit of the person making service setting forth the person's compliance with the requirements of [Rule 4.03(2)]; and, the return receipt . . . .'" *Hall v. Haynes*, 319 S.W.3d 564, 577 (Tenn. 2010) (quoting Tenn. R. Civ. P. 4.03(2)). "'*If the return receipt is signed by the defendant, or by a person designated by Rule 4.04 or by statute, service on the defendant shall be complete.* If not, service by mail may be attempted again or other methods authorized by these rules or by statute may be used.'" *Id.* (emphasis in original). In *Hall v. Haynes*, the Supreme Court of Tennessee explained that "Rule 4.03's explicit restriction of whom [sic] may sign the return receipt" generally requires "'that the return receipt be signed by the defendant and no one else.'" *Id.* (quoting Robert Banks, Jr. & June F. Entman, *Tennessee Civil Procedure* § 2–3(v) (2d ed. 2004)). As an example of that principle, the court discussed *Edwards v. Campbell*, in which the Tennessee Court of Appeals held that the plaintiffs failed to effect service of process by mail under Rule 4.03 even though the wife and mother of the respective defendants had signed the return receipts. *Id.* (citing No. E2000-01463-COA-R3-CV, 2001 WL 52776 (Tenn. Ct. App. Jan. 23, 2001)).

*Ingram Barge Co., LLC v. Musgrove*, No. 3:17-CV-01526, 2019 WL 1226818, at *4 (M.D. Tenn. Mar. 8, 2019), *report and recommendation adopted*, No. 3:17-CV-01526, 2019 WL 1212094 (M.D. Tenn. Mar. 14, 2019). In this case the Clerk finds that Plaintiff has failed to verify service of process as required by Local Rule 55.01(i), because it has not provided sufficient information establishing service under Federal Rule 4 or Tennessee 4.04. Specifically, the Certified Mail return receipt addressed to Midtown Group is unsigned. While the Certified Mail return receipt addressed to Analytic Acquisition is signed, the signature is illegible and neither the "Agent" or "Addressee" box has been checked. Finally, with regard to Windsor Group LLC, Plaintiff has not provided any information explaining the relationship, if any, between Windsor Group LLC and the individual who signed for the Certified Mail parcel, such that acceptance of service by "S. Chang" is sufficient to bind Windsor Group LLC.

"Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties, by default or otherwise. Proper service under Rule 4 is therefore a necessary prerequisite to entry of a default or a default judgment." *Ingram Barge Co., LLC v. Musgrove*, No. 3:17-CV-01526, 2019 WL 1226818, at *3 (M.D. Tenn. Mar. 8, 2019), *report and recommendation adopted*, No. 3:17-CV-01526, 2019 WL 1212094 (M.D. Tenn. Mar. 14, 2019) (internal citations omitted). "The burden is on the plaintiff to exercise due diligence to perfect service of process after the filing of the complaint and the burden is also on him to establish that proper service has been made." *Campbell v. United States*, 496 F. Supp. 36, 39 (E.D. Tenn. 1980) (internal citations omitted). *See also Jones v. Volkswagen of America, Inc.*, 82 F.R.D. 334, 335 (E.D. Tenn. 1978).

For the reasons stated herein, Plaintiff has not provided information sufficient to verify proof of service as required by Local Rule 55.01(i); therefore, entry of default is inappropriate at this time. Plaintiff's Motion for Default Judgment, (Doc. No. 57), construed as one for entry of default pursuant to Federal Rule 55(a), is **DENIED**.

s/ Lynda M. Hill
Lynda M. Hill
Clerk of Court