IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| COREY LEA | ) |
| | ) |
| v. | ) Case No. 3:23-cv-00340 |
| | ) Trauger/Holmes |
| THOMAS VILSACK in his official capacity as | ) |
| Secretary of the U.S. Department of | ) |
| Agriculture *et al.* | ) |

# O R D E R

Among the matters pending before the Court is a motion filed by Plaintiff Corey Lea (the "Plaintiff") to supplement his first amended complaint with exhibits (Docket Entry No. 46), which is **GRANTED**. The exhibits attached to Plaintiff's motion that are found at Docket Entry No. 46-1 are deemed to be exhibits to the first amended complaint (Docket Entry No. 44).

For the reasons set out below, the Court rules on two additional motions as follows: (1) Plaintiff's motion to stay all claims related to the January 2024 loan application (Docket Entry No. 43) is **DENIED** and (2) Plaintiff's motion to reverse (Docket Entry No. 47) is **DENIED**.

The parties' familiarity with this case is presumed. Plaintiff's *pro se* lawsuit generally involves his complaints and dissatisfaction with the way the USDA has resolved administrative claims and civil rights complaints brought by him, as well as by generic Black farmers, and about the USDA's and Vilsack's administration and implementation of part of the American Rescue Plan Act ("ARPA"), Pub. L. No. 117-2, 135 Stat. 4 (2021), and the Inflation Reduction Act ("IRA"), Pub. L. 117-169, 136 Stat. 1818 (2022). As directed by the Court, *see* Order entered February 12, 2024 (Docket Entry No. 42), Plaintiff filed a first amended complaint for declaratory and

1

injunctive relief (Docket Entry No. 44), expanding on the claims and allegations of his original complaint.

**Motion to Stay (Docket Entry No. 43)**

The caption of Plaintiff's motion to stay (Docket Entry No. 43) refers to the pendency of his January 2024 loan application for farm ownership and operations as the basis for the stay. In the text of his motion, Plaintiff alludes to – but does not discuss in any detail – "an accepted discrimination complaint dated February 14, 2024." (Docket Entry No. 43 at 1.) He further states that "[a]lthough, there is not a [sic] Assistant Secretary of Civil Rights in place, the action is subject to the law that governs the APA or exhaustion requirements." (*Id*.) Ostensibly as support for his motion, Plaintiff cites to a case addressing the requirement for exhaustion of administrative remedies under the Individuals with Disabilities Education Act. (*Id*. at 1-2.)

The decision whether to stay proceedings is within the broad discretion of the Court. *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626-27 (6th Cir. 2014) (internal citation omitted). *See also Clinton v. Jones,* 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997) ("[T]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.,* 565 F.2d 393, 396 (6th Cir.1977) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court.") (citation and internal quotation marks omitted).[1]

---

[1] The Court also notes that, in his motion, Plaintiff states that he has requested compensatory damages, which he apparently contends obviates some undefined requirement for exhaustion of administrative remedies. (Docket Entry No. 43 at 2.) However, this statement is

Although the Court liberally construes Plaintiff's filings because he is a *pro se* litigant, the Sixth Circuit has "consistently held that "even *pro se* parties must still brief the issues advanced with some effort at developed argumentation." *Millhouse v. Jones*, No. 20-5300, 2021 WL 1063196, at *3 n.1 (6th Cir. Jan. 6, 2021) (internal citations and collection of cases omitted) (cleaned up). In the absence of any developed argument by Plaintiff, the Court finds no basis for and no benefit to be gained from, in an already convoluted case, cleaving out and staying undefined "claims" that are based on Plaintiff's January 2024 loan application or some subsequent discrimination claim. Plaintiff certainly has not made a clear, let alone convincing, argument for granting his motion to stay.

**Motion to reverse (Docket Entry No. 47)**

With respect to Plaintiff's motion to reverse (Docket Entry No. 47), he seeks an order from the Court reversing a 2022 automatic payment made to him by Defendants and compelling Defendants to make a direct deposit of funds to him instead. However, as argued persuasively by Defendants in their response (Docket Entry No. 63), the substance of the motion is largely a restatement of claims set out in Plaintiff's first amended complaint.

The Court concurs in principle that the relief requested by Plaintiff is premature at this stage of the litigation. The motion essentially requests that the Court grant Plaintiff a form of final relief in a case that is not yet final and in which a decision finding that he is entitled to a corrective

---

contradictory to Plaintiff's first amended complaint, in which he makes no request for damages. (Docket Entry No. 44 at 38-41.)

3

remedy has not yet been made. The Court finds no basis at this juncture to grant Plaintiff's motion to reverse.[2]

**Any party objecting to this Order** must do so by filing a motion for review no later than fourteen (14) days from the date this Order is served upon the party. The objections/motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the objection. *See* Rule 72.01(a) of the Local Rules of Court. Responses to the objections/motion for review must be filed within fourteen (14) days of service of the motion for review. *See* Rule 72.01(b) of the Local Rules of Court.

It is **SO ORDERED**.

*[signature]*
BARBARA D. HOLMES
United States Magistrate Judge

---

[2] To be clear, however, this determination is not conclusive of any claims asserted by Plaintiff and still to be decided in this case.