IN THE UNITED STATES DISTRICT COURT
FOR MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| COREY LEA ) | |
| ) | |
| v. ) | Case No. 3:23-00340 |
| ) | Trauger/Holmes |
| ACTING SECRETARY OF AGRICULTURE ) | |
| GARY WASHINGTON *et al.* ) | |

## O R D E R

The Court takes judicial notice that the first named Defendant in this case, Thomas Vilsack, is no longer Secretary of the United States Department of Agriculture, having resigned from that position. Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Gary Washington, the acting Secretary of Agriculture, is substituted in place of Vilsack until such time as the nominee for Secretary of Agriculture is confirmed by the United States Senate. The Clerk is directed to make this change on the docket, and the parties are directed to also change the style of the case on any future filings.

For the reasons set out below, the Court rules on the following motions that are pending in this *pro se* lawsuit:

1) Plaintiff's motion (Docket Entry No. 58) for an expedited evidentiary hearing on the sole issue of reversing automatic payment is **DENIED** as moot.

2) Plaintiff's motion (Docket Entry No. 66) for joinder of First Bank as a plaintiff (Docket Entry No. 66) is **DENIED**.

3) Plaintiff's motion (Docket Entry No. 54) for partial summary judgment against the federal Defendants is **DENIED WITHOUT PREJUDICE** as procedurally premature.

4) The motion (Docket Entry No. 60) of the federal Defendants for an extension of time to respond is **DENIED** as moot.

**Plaintiff's motion for an evidentiary hearing** (Docket Entry No. 58) has become moot because the underlying motion to reverse automatic payments (Docket Entry No. 47), for which a hearing is relevant, was denied by Order entered September 25, 2025 (Docket Entyr No. 78).

**Plaintiff's motion to join First Bank as a plaintiff under Rule 19(a)(1) (A) and (B)** (Docket Entry No. 66) lacks merit. It is the moving party's burden to establish that an entity is necessary to be joined. Plaintiff has not met this burden. He has not to set forth an understandable, let alone persuasive and compelling, argument for why joinder of this entity is required under the provisions of Rule 19 upon which he relies.

**Plaintiff's motion for partial summary judgment** (Docket Entry No. 54) was filed: (1) less than a month after plaintiff filed the amended complaint (Docket Entry No. 44) that he was required by the Court to file; (2) prior to Defendants even filing a response to the amended complaint; and, (3) prior to any period for discovery in the case or the entry of a discovery deadline. Given this procedural posture, Plaintiff's motion is unquestionably premature, and the Court therefore declines to address the merits of the motion at this time. *See e.g. Lee v. EquiFirst Corp.*, No. 3:10-cv-809, 2011 WL 1584124, at *5 (M.D.Tenn. Apr. 25, 2011) (Trauger, J.) (finding that motion for summary judgment was premature and inappropriate to resolve because it was filed prior to discovery and to the setting of a discovery deadline). Accordingly, the motion is denied without prejudice to being refiled at an appropriate time following the Court's entry of a scheduling order or other order regarding discovery in the case and without consideration by the Court of the underlying merits of the motion. *See Brown v. Wetzel*, 2:20-CV-00512-CCW-MPK, 2021 WL

3130572, at *1 (W.D.Pa. July 23, 2021) (magistrate judge had authority to deny motion for summary judgment without prejudice as premature).

**The federal Defendants' motion for an extension of time to respond** (Docket Entry No. 60) has largely become moot by the denial, as set out herein, of Plaintiff's motion for a hearing and motion for partial summary judgement. To the extent that the federal Defendants also seek an extension of time to respond to Plaintiff's pending motion for a temporary restraining order, the Court intends to address Plaintiff's motion in the near future without the necessity of a response.

Any party objecting to this Order must do so by filing a motion for review no later than fourteen (14) days from the date this Order is served upon the party. The objections/motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the objection. *See* Rule 72.01(a) of the Local Rules of Court. Responses to the objections/motion for review must be filed within fourteen (14) days of service of the motion for review. *See* Rule 72.01(b) of the Local Rules of Court.

It is **SO ORDERED**.

_____
BARBARA D. HOLMES
United States Magistrate Judge