IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

**COREY LEA, pro se** )
)
    **Plaintiffs,** )
v. ) No. 3:23-cv-00340
) Judge Trauger / Holmes
**THE SECRETARY OF AGRICULTURE,** )
**GARY WASHINGTON,** )
**THE UNITED STATES DEPARTMENT OF** )
**DEPT. OF AGRICULTURE** )
**THE WINDSOR GROUP, LLC** )
**THE MIDTOWN GROUP** )
**ANALYTIC AQUISTION** )
    **Defendants.** )

# MOTION TO LEAVE TO SUPPLEMENT OR SECOND AMENDED COMPLAINT PURSUANT FRCP 15(d)

Comes now Plaintiff Corey Lea, to move this Court to GRANT the requested relief in the above styled caption.

## Legal Standard

*Jones v. Tennessee*, 3:23-cv-01033, 3-4 (M.D. Tenn. Oct. 30, 2024) ("Federal Rule of Civil Procedure 15(d) provides that, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed.R.Civ.P. 15(d). Rule 15(d) gives district courts "broad discretion in allowing a supplemental pleading." Fed.R.Civ.P. 15 advisory committee's note to 1963 amendment. Courts in this circuit consider the following factors when determining whether to grant leave to supplement a complaint:

(1) The relatedness of the original and supplemental complaints; (2) Whether allowing supplementation would serve the interests of judicial economy; (3) Whether there is evidence of delay, bad faith or dilatory motive on the part of the movant, or evidence of repeated failure to cure deficiencies by amendments previously allowed; (4) Whether amendment would impose undue prejudice upon the opposing party; (5) Whether amendment would be futile; (6) Whether final judgment had been rendered; (7) Whether the district court retains jurisdiction over the case; (8) Whether any prior court orders imposed a future affirmative duty upon defendant; and (9) Whether the proposed supplemental complaint alleges that defendants defied a prior court order.*Ne. Ohio Coal. for the Homeless v. Husted*, Case No. 2:06-CV-00896, 2015 WL 13034990, at *6 (S.D. Ohio Aug. 7, 2015), *aff'd*, 837 F.3d 612 (6th Cir. 2016); *see also Dalton v. Tennessee*, No. 2:24-CV-00007, 2024 WL 1159869, at *2 (M.D. Tenn. Mar. 18, 2024) (quoting *id.*). A proposed amendment is futile when it would not survive a motion to dismiss under Rule 12(b)(6). *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000); *see also Spies v. Voinovich*, 48 Fed.Appx. 520, 527 (6th Cir. 2002) (holding that "the same standard of review and rationale apply" to motions to supplement under Rule 15(d) and motions to amend under Rule 15(a)). Rule 15's general direction to grant leave to amend "freely . . . when justice so requires," Fed.R.Civ.P. 15(a)(2), applies to motions to supplement under Rule 15(d). *Ne. Ohio Coal. for the Homeless*, 2015 WL 13034990, at *6. The Sixth Circuit reviews denials of Rule 15(d) motions to supplement for abuse of discretion. *See Spies*, 48 Fed.Appx. at 527 (citing *McHenry v. Ford Motor Co.*, 269 F.2d 18, 24 (6th Cir. 1959)).")

# ARGUMENT

## Tennessee Declaratory Judgment Act

"In its present form, the Tennessee Declaratory Judgment Act grants courts of record the power to declare rights, status, and other legal relations." Colonial Pipeline Co. v. Morgan, 263 S.W.3d 827, 837 (Tenn. 2008). "The Act also conveys the power to construe or determine the validity of any written instrument, statute, ordinance, contract, or franchise, provided that the case is within the court's jurisdiction." Id. Specifically,

> [a]ny person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder. Tenn. Code Ann. 29-14-103.

To bring a case under the Act, a plaintiff does not need to show a present injury, although an "actual 'case' or 'controversy' is required." Colonial Pipeline, 263 S.W.3d at 837. "A bona fide disagreement must exist; that is, some real interest must be in dispute" because a court "may not render advisory opinions based on hypothetical facts." Id. at 838.

Though rare, it is possible for a plaintiff to have standing for declaratory, but not injunctive, relief. See, Samuels v. Mackell, 401 U.S. 66, 73 (1970) (there are "unusual circumstances" in which an injunction might be withheld, notwithstanding the granting of a declaratory judgment). The Court need not decide if this is that rare case since Plaintiffs have standing to pursue both a declaration and an injunction.

## I.

On February 20, 2024, DN 44, the Plaintiff entered his first amended complaint to comply with the Magistrate's order. Shortly thereafter, around February 25, 2024, the

3

Plaintiff received a letter from the Federl Defendants stating that his total pandemic relief under section 22006 of the Inflation Reduction Act of 2021 was $386,098.87. However, the Federal Defendants only used $228,083.86.

The Federal Defendants have been conspiring with private banks to keep actual cash out of the hands of Black farmers and further conspiring to leave loan balances so that affected Black farmers could not receive future federal assistance, such as complained in this case. It is indeed a pattern and practice to defraud Black farmers of the opportunity to continue to farm. Also, see *Provost Jr. et al. v. Vilsack et al. - 1:24-cv-00920* original complaint, page 86-

"b. On or about April 7, 2023, the USDA wrote a letter to the bank confirming that Mr. Provost met the criteria for loan forgiveness under the IRA and that the U.S. Treasury had issued a check. The letter specified that the "payment [was] intended to cure the delinquency on all qualifying loans and bring [Mr. Provost's] guaranteed loans current." Exhibit 60 (emphasis added).

c. On information and belief, the bank did not apply the funds provided by the USDA to cover the remaining balance on all of Mr. Provost's qualified loans and instead refunded approximately $1.2 million back to the USDA. Mr. Provost was not informed by either the USDA or the bank of this. As far as Mr. Provost was concerned, his debt had been forgiven. Indeed, on August 29, 2023, the USDA confirmed with Mr. Provost that his eligible debt had been resolved."

## II.

On February 10, 2025 the Plaintiff received a 1099G IRS tax form from the Federal Defendants from pandemic relief from section 22007 of the Inflation Reduction

4

Act. The overwhelming majority of recipients of that pandemic relief was to Black farmers who experienced past discrimination by the Federal Defendants. In contrast, see ex. 1, White farmers overwhelmingly pandemic assistance from section 22006 and therefor the USDA corrected any 1099G forms sent out to recipients and made them 1099C tax forms that do not have to be reported as income.

https://www.farmers.gov/archived/loans/inflation-reduction-investments/assistance/faq

The amended complaint now brings in new claims that could not have been brought before. In addition to the claims for further relief that was not given consideration by he magistrate. Now the Plaintiff is facing a tax burden of nearly $175,000 due to the continued discrimination and violations of equal protection and due process of the Fifth Amendment. Moreover, the Federal Defendants and the hubs (Windsor Group, Midtown Group and Analytic Acquisition have been telling recipients of pandemic relief afforded under section 22007 that there was no review or appeal process. It has been discovered in January of 2025 that there is a review process by the Office of Inspector General. The federal defendants and hubs have yet to publish any guidelines on section 22007 in order to further discriminate on a case-by-case basis. For example, there are a considerable number of Black farms that were in partnership or incorporated at the time of discrimination. The farm loans in which they were discriminated on had tax identification numbers, but the awards were sent in the personal names of the recipients and using their social security number to send out 1099G IRS tax forms. The Plaintiff in the instant case signed up multiple entities in which he suffered discrimination, and all were denied due to the incorporation. In contrast, every other pandemic program related to covid and pandemic or China Trade Wars totaled over 210

5

billion was sent to White farmers or entities wholly owned by White famers in the name of the entity with matching tax id numbers.

This Court has held in *Spencer v. City of Hendersonville*, 487 F. Supp. 3d 661, 676 (M.D. Tenn. 2020) ("More to the point, however, the law is clear that, in the context of a declaratory judgment action, "allegations of past injury alone are not sufficient to confer standing. The plaintiff must allege and/or demonstrate actual present harm or a significant possibility of future harm." *Fieger v. Ferry*, 471 F.3d 637, 643 (6th Cir. 2006) (quoting *Peoples Rights Org., Inc. v. City of Columbus*, 152 F.3d 522, 527 (6th Cir. 1998) ); *see also O'Shea v. Littleton*, 414 U.S. 488, 495–96, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief"). ")

**STATUTE OF LIMITATIONS**

The Plaintiff will be prejudiced if the Court does now allow the amended complaint. One of the claims presented is the Tennessee Code § 28-3-104, which has a one-year statute of limitation, and that time has expired. This case is nearly two years old and has not gone to discovery and the motion for summary judgment was denied because it was procedurally premature.

As aforementioned, the Plaintiff was alerted around February 25, 2024, that there was more money that he was entitled to under section 22006 of the Inflation Reduction Act. The Plaintiff filed a motion in essence to reverse the partial automatic payment and pay the full amount via direct deposit as they have done with similarly situated White famers. The Court denied the motion and stated that it would deal with the claim during final judgment. Again, the Plaintiff would be prejudiced by the delay of the declaratory

6

judgment before the Court and if the Court does not allow to supplement the Plaintiff would be prejudiced, see *Phillips v. Nationstar Mortg., LLC*, No. 3:13-cv-01414, 9 (M.D. Tenn. May. 17, 2016) (""Ordinarily the 'discovery rule' applies to establish the date when the plaintiff knew or through the exercise of reasonable diligence should have known of the injury that forms the basis of his action. This test is an objective one, and the Court determines what event should have alerted the typical lay person to protect his or her rights." *Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir. 2003) (internal citations and quotation omitted).")

**Futility**

A motion to amend is futile "where a proposed amendment would not survive a motion to dismiss." Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div., 987 F.2d 376, 383 (6th Cir. 1993). In the instant case, the Court found that this Court is the proper Venue, but overlooked the 12 questions of law in which the Plaintiff was seeking Declarations. As stated by the Magistrate, the operative complaint was the one for Declaratory Relief. Since the Court declined to exercise its jurisdiction over Declaratory Relief, see *Cornerstone Constr. Co. of Tenn. v. Builders Mut. Ins. Co.*, NO. 3:19-cv-01056, 5-6 (M.D. Tenn. Jun. 9, 2020) ("The Declaratory Judgment Act provides that in a case of actual controversy within its jurisdiction, any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration. 28 U.S.C. § 2201. The Declaratory Judgment Act empowers the district court to entertain certain actions, but it does not compel the court to exercise the jurisdiction thus granted to it. *Commc'ns Unlimited*

7

*Contracting Servs., Inc. v. Comdata, Inc.*, No. 3:17-cv-01158, 2020 WL 606592, at *8 (M.D. Tenn. Feb. 7, 2020)")

Further, this Court has held that it must entertain claims for damages, see *Cornerstone Constr. Co. of Tenn. v. Builders Mut. Ins. Co.*, NO. 3:19-cv-01056, 7 (M.D. Tenn. Jun. 9, 2020) ("But the existence of these damages claims actually hurts, rather than helps, Plaintiffs here. As noted above, the Court has subject-matter jurisdiction over the damages claims and must entertain them.").

## MOOTNESS

In her report and recommendation, DN 81, pg. 14, the Magistrate correctly states "Additionally, a claim is considered moot and therefore no longer a live "case" or "controversy" "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013). Both Plaintiff's response and Defendants' reply indicate that Plaintiff has now been provided with full debt relief and his debts are no longer a bar to eligibility for additional farm loans." Again, the operative complaint was one for Declaratory Judgment. The Plaintiff is unsure if she meant to answer that question of law that was presented, but it's now time to present the claim for damages regarding the two attempts to purchase farms in Rutherford Co. Tennessee and the rules and regulations implemented by the USDA to make it criminal for Black farmers and ranchers with past or pending discrimination complaints to even apply for the grants used to. deny pandemic relief for diversifying the food chain.

In Conclusion,

The Court Should GRANT the motion to Supplement and Amend Complaint.

8

Case 3:23-cv-00340   Document 85   Filed 02/20/25   Page 8 of 10 PageID #: 1103

Respectfully Submitted,

Corey Lea
P.O. Box 422
Arrington, Tennessee
615 308 7787
cowtownfoundation@gmail.com

CERTIFICATE OF SERVICE

     I hereby certify that on February 20, 2025, a true and exact copy of the forgoing pleading was filled in person with the Clerk's office and served upon the parties as indicated below through certified the United States Mail:

Henry Leventis
Office of the United States Attorney
110 9th Avenue South, #A961
Nashville, TN 37203

Counsel for Defendant Thomas Vilsack,
Secretary of the United States Department of Agriculture

     I hereby certify that on February 20, 2025, a true and exact copy of the foregoing pleading was filed in person with the Clerk's office and served via
email Henry.Leventis@usdoj.gov.to U.S. Mail on Registered Agent for Defendants as listed below:

The Department of Agriculture
1400 Independence Avenue SW
Washington, DC 20250

U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

9

Case 3:23-cv-00340   Document 85   Filed 02/20/25   Page 9 of 10 PageID #: 1104

Windsor Group, LLC,
6710A Rockledge Dr Ste. 400
Bethesda, Maryland 20817

The Midtown Group,
1130 Connecticut Ave NW
#450 Washington, DC 20036.

Analytic Acquisitions,
8300 Hartford Ave.
Silver Spring, Maryland 20910-5308.

First Bank AKA FB Financial Corporation
722 Columbia Avenue
Franklin, Tenn. 37064

CT Corporation System
300 MONTVUE RD
KNOXVILLE TN, 37919-5546

_____
Corey Lea
P.O. Box 422
Arrington, Tennessee
615 308 7787