# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

COREY LEA,                           )
                                     )
    Plaintiff,               )
                                     )
v.                                   )    **Case No. 3:23-cv-00340**
                                     )    **Judge Aleta A. Trauger**
THE SECRETARY OF                     )
AGRICULTURE, BROOKE ROLLINS,[1]      )
*et al.*,                            )
                                     )
    Defendants.              )

## MEMORANDUM

The Magistrate Judge to whom this case has been referred pursuant to Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1) has issued a Report and Recommendation ("R&R") (Doc. No. 81), recommending (1) that the Motion to Dismiss (Doc. No. 61) filed by defendants the Secretary of the Department of Agriculture in her official capacity and the United States Department of Agriculture (collectively referred to herein as the "USDA defendants"), seeking dismissal of all claims against them set forth in plaintiff Corey Lea's First Amended Complaint ("FAC") (Doc. No. 44) be granted; (2) that the claims against three other defendants, Windsor Group, LLC ("Windsor"), The Midtown Group ("Midtown), and Analytic Acquisitions (collectively with Windsor and Midtown, the "private entity defendants"), none of which have responded to the FAC, be dismissed as well; and (3) that plaintiff Corey Lea's Motion for

---

[1] Brooke Rollins was sworn in as the 33rd Secretary of the United States Department of Agriculture on February 13, 2025. In accordance with Federal Rule of Civil Procedure 25(d), Rollins, in her official capacity, is automatically substituted as a defendant in place of the former Acting Secretary, Gary Washington.

Temporary Injunction (Doc. No. 52) and Second Motion for Default Against Defendants Windsor Group, LLC and Midtown Group Pursuant to FRCP 55(b)(2) (Doc. No. 74) both be denied.

The plaintiff has filed Objections to the R&R. (Doc. No. 84.) The USDA defendants did not file objections and chose not to respond to the plaintiff's Objections. (*See* Doc. No. 89 at 1 n.2.)

Following the issuance of the R&R, the plaintiff, in addition to Objections, also filed a Motion [for] Leave to Supplement or [File] Second Amended Complaint Pursuant to FRCP 15(d) and a proposed Second Amended Complaint (Doc. Nos. 85, 85-1), Motion for Preliminary Injunction Against the Federal Defendants (Doc. No. 86), and Motion to Set Expedited Hearing for Preliminary Injunction with Federal Defendants (Doc. No. 87). The USDA defendants' deadline for responding to these motions has been stayed pending resolution of their Motion to Dismiss. (Doc. No. 90.)

For the reasons set forth herein, the court will overrule the plaintiff's Objections, accept the R&R, grant the USDA defendants' Motion to Dismiss, and dismiss the other defendants as well. In the interest of judicial efficiency and conservation of resources, the court will also deny the plaintiff's Motion for Leave to File Second Amended Complaint as futile. All other pending motions will be denied as moot.

## I.  STANDARD OF REVIEW

Within fourteen days after being served with a report and recommendation as to a dispositive matter, any "party may serve and file specific written objections to [a magistrate judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The district court must review *de novo* any portion of the report and recommendation "that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to

the magistrate judge with instructions." *Id.*

The court is not required to review those aspects of the report and recommendation to which no objection is made and should instead adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Thomas v. Arn*, 474 U.S. 140, 150, 151 (1985). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007) (issues raised in a "perfunctory manner, unaccompanied by some effort at developed argumentation," are waived (quoting *Indeck Energy Servs., Inc. v. Consumers Energy Co.*, 250 F.3d 972, 979 (6th Cir. 2000))). Likewise, "[a] general objection to the entirety" of a magistrate judge's report and recommendation has the same effect as a complete failure to object. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Arguments made in an objection to a magistrate judge's report and recommendation that were not first presented to the magistrate judge for consideration are deemed waived. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

## II. BACKGROUND

In a detailed and thorough opinion, the R&R lays out the procedural history of this case and attempts to make sense of the plaintiff's largely incoherent pleading. The court adopts and incorporates herein the "Background" section of the R&R and sets out in this Memorandum only sufficient background facts necessary to the consideration of the plaintiff's Objections. In particular, the plaintiff alleges that he filed a discrimination complaint in 2008 against the USDA that has never been resolved. (FAC ¶ 2.) In October 2022, the USDA provided him debt relief under § 22006 of the Inflation Reduction Act ("IRA"), Pub. L. 117-169, 136 Stat. 1818 (2022), by applying $228,083.86 to an outstanding loan administered by the Farm Service Agency. The financial relief did not completely extinguish the loan, as the plaintiff was left with a liability of

approximately $19,500. (*Id.* ¶ 30.) He requested a hearing about the relief, but the Administrative Law Judge ("ALJ") refused to docket his complaint or set a hearing. (*Id.* ¶ 36.) He then applied for a loan to purchase farm land in Rutherford County, Tennessee, but his application was denied based on the other outstanding loan balance, and the ALJ refused to docket his request for a hearing on this issue as well. (*Id.* ¶¶ 37, 41.) Lea applied for another farm loan in January 2024, which was also denied because of two outstanding delinquent loans. (*Id.* ¶ 43.) He filed a complaint about this denial with the USDA's Office for Civil Rights, which was accepted and docketed as Complaint Number 2024-01-00015519. (*Id.* ¶ 42.)

Based on these sparse facts, interspersed with legal and policy arguments about the USDA's discriminatory treatment of Black farmers generally, the Magistrate Judge construes the FAC as seeking relief based on three theories of wrongdoing by the defendants:

> (1) "[B]ecause the plaintiff's 2008 discrimination complaint has not been resolved, the statutory moratorium provisions set out in the Food, Conservation, and Energy Act of 2008 at 7 U.S.C. § 1981a(b)(1) and the implementing regulations set out at 7 C.F.R. § 766.358 should have been followed to prevent the USDA from providing the debt relief that was provided to him in 2022 through Section 22006. He contends that the USDA's act of providing him with this debt relief has harmed him by preventing him from obtaining the new farm loans in 2023 and 2024. He further alleges that the denial of administrative hearings was unlawful and that Defendants have conspired to create schemes to harm him."

(Doc. No. 81 at 6 (citing (FAC ¶¶ 14–15, 44–48, 2, and 56).)

> (2) "[Lea] claims that Defendants have committed racial discrimination against him and other Black farmers because the USDA has: denied or not acted upon discrimination complaints made by Black Farmers; failed to resolve discrimination complaints through Section 1006(e) [of the American Rescue Plan Act ("ARPA"), Pub. L. No. 117-2, 135 Stat. 4 (2021), as amended by Section 22007 of the IRA) ("Section 1006(e)")], implemented an unequal administrative system for Black farmers; failed to apply the statutory moratorium to Black farmers; provided more relief to White farmers; and, provided White Farmers with financial relief through direct deposits instead of through debt relief, debt write-downs, or checks."

(*Id.* at 7 (citing FAC ¶¶ 16, 49–51, 52, 56–57).) And

(3) "Plaintiff sets out 17 pages of complaints about the manner in which the USDA conducts its activities, claiming that it has: wrongfully implemented relief programs and allocated relief under the ARPA and IRA; wrongfully administered discrimination complaints; wrongfully relied upon private entities—Windsor Group, LLC, The Midtown Group, and Analytic Acquisitions—to implement Section 1006(e)/Section 22007 in violation of the "private nondelegation doctrine"; engaged in retaliation; acted arbitrarily, capriciously, and not in accordance with the law; and failed to comply with the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701, *et seq.*, with respect to the implementation of, and adherence to, rules and procedures."

(*Id.* (citing FAC ¶¶ 62–121).)

Although the FAC is styled as a complaint for "declaratory and injunctive relief" (*id.* at 1), the remedy section of the pleading lists sixteen requests for judicial declarations (*id.* at 38–41). The plaintiff also states that the defendants "need to replace 72 acres of farm" and compensate him for "16 years of economic damages." (*Id.* ¶ 54.)

The R&R, as relevant here, while recognizing that the plaintiff's claims relating to the foreclosure of his farm property in Kentucky in 2009 have been extensively litigated, rejects the USDA defendants' venue and *res judicata* arguments, because the plaintiff "does not actually attempt to re-litigate these claims and/or seek relief from the foreclosure." (Doc. No. 81 at 12.) Instead, the plaintiff's claims are focused on the denial of farm loans for property in Rutherford County, Tennessee, issues that have not previously been litigated and with respect to which venue is proper in this court.

The Magistrate Judge finds, however, that the plaintiff's complaints about the USDA defendants' implementation of the relief provision of Section 1006(e), race discrimination, and the legality of the USDA's rules and procedures are accompanied by allegations based solely on speculation and conjecture rather than factual allegations showing that the plaintiff has suffered an actual injury-in-fact sufficient to confer Article III standing as to these claims. (Doc. No. 81 at 13–14 (citing *Sumpter v. Wayne Cnty.*, 868 F.3d 473, 491 (6th Cir. 2017)).) Likewise, the Magistrate

Judge finds that the plaintiff's assertion of possible future injuries does not show that he is subject to the threat of future injury that is real, immediate, and certain, as required to show standing to seek declaratory relief of the type he seeks. (*Id.* at 14 (citing *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014); *Crawford v. U.S. Dep't of the Treasury*, 868 F.3d 438, 454 (6th Cir. 2017)).) In addition, the Magistrate Judge finds that at least some of the plaintiff's claims "appear" to have been rendered moot by events that have occurred during the course of these proceedings— namely, that the plaintiff's Response to the USDA defendants' Motion to Dismiss and the defendants' Reply suggest that the plaintiff has now been provided with full debt relief, such that his past outstanding debts are no long a bar to eligibility for future loans. (*Id.* at 14–15.)

Alternatively, "[a]ssuming that Plaintiff can survive the standing hurdle," the Magistrate Judge recommends that the FAC be dismissed as to the USDA defendants under Rule 12(b)(6), based on the absence of any coherent factual allegations showing that the plaintiff can establish any viable claim for relief against them. (*Id.* at 16; *see also id.* at 16–18 (discussing claims).)

Regarding the private entity defendants, the Magistrate Judge, noting that subject matter jurisdiction is an issue the court can raise *sua sponte*, recommends that the plaintiff's claims against these defendants be dismissed for lack of standing, as the FAC lacks factual allegations causally connecting these defendants to any injury alleged by the plaintiff. (*Id.* at 15.)

Having found that all claims in the FAC against all defendants should be dismissed either for lack of standing or failure to state a claim for which relief may be granted, the Magistrate Judge also recommends that the plaintiff's Motion for a Temporary Restraining Order and Motion for Default as to Windsor and Midtown be denied as moot. (*Id.* at 19.)

## III. THE PLAINTIFF'S OBJECTIONS

In his response to the R&R, the plaintiff objects to the recommendation that his claims against the USDA defendants be dismissed for lack of standing solely on the basis that "[t]his

action has been pending for over 700 days." (Doc. No. 85 at 1.) He then correctly cites caselaw establishing that, "in the context of a declaratory judgment action, 'allegations of past injury alone are not sufficient to confer standing. The plaintiff must allege and/or demonstrate actual present harm or a significant possibility of future harm.'" (*Id.* at 2 (quoting *Fieger v. Ferry*, 471 F.3d 637, 643 (6th Cir. 2006)).) He then goes on to reference new facts against a new defendant and new harms he alleges have befallen him since the filing of the FAC and which are set forth in his proposed Second Amended Complaint; he takes issue with the Magistrate Judge's failure to issue a scheduling order in this case, and he asserts, in particular, that this case involves "a contract" with non-party First Bank that is "still live and in force." (*Id.* at 3.)

Regarding the Magistrate Judge's finding that the FAC fails to state a colorable claim under any theory for which relief may be granted, he cites the factors to be considered by a court in deciding whether to exercise its discretion to issue declaratory relief and asserts that he has satisfied two of these factors. He does not identify which two. Instead, he claims that the court has "resolved whether the Plaintiff was entitled to future loans." (*Id.* at 4.) It has not; the court has noted that the *plaintiff* apparently concedes that the outstanding farm loan balance has been paid off, thus removing the barrier that made him ineligible for future loans.

The plaintiff then concludes with an incoherent and incomplete sentence:

> With the amount of elapsed time, and the uncertainty of business relationships and constitutional right that the Plaintiff was seeking this Court to declare, undoubtedly a rule 15(d) supplemental and amended complaint that seeks both damages and declarations to address the systemic discrimination that has landed the Plaintiff and similar situated Black farmers in this position in the first place.

(*Id.*) The court construes this sentence fragment as asserting that the plaintiff should be permitted to file a Second Amended Complaint. That contention is the subject of an independent motion, addressed in a separate section, below.

## IV. DISCUSSION

### A. The USDA Defendants' Motion to Dismiss

The plaintiff's claims regarding his own injuries are largely tied to the USDA's application of pandemic relief in the amount of $228,083.86 to a direct loan held by the plaintiff, leaving a total remaining debt of $19,500 (but also leaving him with the tax consequences of a loan that qualified as "reportable income"). (FAC, Doc. No. 44 ¶¶ 30, 53.) According to the plaintiff, this debt relief qualified as an "adverse action," because his March 2023 application for a farm operating loan for land located in Rutherford County, Tennessee was denied based on his existing farm loan. (*Id.* ¶ 37.) He applied again in January 2024 and was again denied based on delinquent outstanding loans totaling over $24,000. (*Id.* ¶ 42.)

Most of the "counts" in the FAC are based on the plaintiff's broad and conclusory assertions that the USDA failed to follow the APA when it granted automatic debt relief under the IRA and the ARPA, that the USDA adopted arbitrary and capricious rules that were used to deny Black farmers the right to seek future federal assistance, and that the USDA defendants and the private entity defendants conspired to discriminate against Black farmers and to deprive them of the right to appeal any determination made for pandemic relief.

Of the sixteen requests for declarations set forth in the remedies section of the FAC, only one pertains specifically to the plaintiff: a request for a declaration

> holding it unlawful for [the USDA defendants] unreasonably delayed [sic] rule making consistent with section 22007(e) of the Inflation Reduction Act to deny Plaintiff future federal assistance to include grants, farm ownership, and farm operating loans[.]

(Doc. No. 44 at 40 ¶ K.) The remaining requests for declarations seek relief for "Black farmers and ranchers" and "Socially Disadvantaged Farmers and Ranchers" or seek to bar certain behavior

by the defendants altogether, without a coherent explanation of how the challenged conduct affected the plaintiff.

As the Magistrate Judge explained, Article III of the United States Constitution limits the "judicial Power" of the federal courts to deciding "Cases" and "Controversies." U.S. Const. art. III, § 2. That limitation checks the power of the judicial branch by confining it to resolving concrete injuries. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016). To establish standing, the plaintiff must show: (1) that he suffered an injury in fact, (2) caused by the defendants, (3) that a judicial decision could redress. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). An injury in fact must be "'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical,'" and it must "affect the plaintiff in a personal and individual way." *Spokeo*, 578 U.S. at 339 (quoting *Lujan*, 504 U.S., at 560).

The problem with most of the plaintiff's allegations in this case and most of the requests for declaratory relief is that the plaintiff alleges "discrimination" against Black and "Socially Disadvantaged Farmers and Ranchers" and seeks relief on behalf of these groups that will not necessarily affect him personally. Aside from the fact that he fails to allege any actual facts demonstrating class-wide discrimination, the plaintiff clearly lacks standing to pursue claims on behalf of other Black and/or "Socially Disadvantaged Farmers and Ranchers."

The single request for a declaration that pertains personally to the plaintiff, while somewhat ambiguously framed, appears to ask the court to declare that a *past* action by the USDA cannot be used as a basis for depriving the plaintiff of the ability to apply for *future* loans. But the plaintiff offers no indication that he is imminently in harm of having future loan applications denied, particularly because, as the plaintiff himself acknowledged in responding to the Motion to Dismiss (*see* Doc. No. 69 at 17; Doc. No. 69-4), the outstanding loan balances that prevented the plaintiff

from applying for new loans in 2023 and 2024 have been extinguished. The plaintiff fails to seek relief for an "actual or imminent" future injury, as opposed to a "conjectural or hypothetical" one. The court, on *de novo* review, therefore finds that the plaintiff lacks standing to bring these claims.

Alternatively, to the extent the FAC may be deemed to allege a particularized injury, it contains no concrete factual allegations—as opposed to entirely conclusory and speculative assertions untethered to particularized facts—showing that the plaintiff is entitled to the relief sought. While the court must accept well-pleaded factual allegations as true at this stage, it is not required to "accept as true legal conclusions or unwarranted factual inferences." *Willman v. Att'y Gen.*, 972 F.3d 819, 823 (6th Cir. 2020) (quoting *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 276 (6th Cir. 2010)). Rather, "conclusory allegations or legal conclusions masquerading as factual allegations will not suffice" to satisfy the Rule 8 pleading requirements. *Id.*

Finally, as the USDA defendants point out, damages can remedy a past injury, but they cannot redress a future injury, while injunctive and declaratory relief can remedy a future injury, but they do nothing to redress a past injury. Even according the plaintiff substantial leeway in view of his *pro se* status, the relief sought in the FAC "does not match any discernable alleged injury." (Doc. No. 62 at 25.)

In sum, the FAC fails to state any colorable claim for which relief may be granted. Assuming the court has subject matter jurisdiction at all, the claims against the USDA defendants are subject to dismissal under Rule 12(b)(6).

### B.   The Private Entity Defendants

The plaintiff does not specifically address the R&R's recommendation that the claims against the private entity defendants be dismissed for lack of standing, as a result of which the court is not required to review this determination under any standard. *Accord Thomas v. Arn*, 474 U.S. 140, 151 (1985) ([W]here a magistrate makes a finding or ruling on a motion or an issue, his

determination should become that of the district court, *unless specific objection is filed within a reasonable time*." (citation omitted)).

In any event, the Magistrate Judge correctly found that the FAC fails to allege any concrete and particularized injury-in-fact tied to any action or inaction on the part of the private entity defendants. Instead, the plaintiff asserts, with no reference to facts or to actions taken by the private entity defendants, that these entities are working not as "third-party neutrals" but as "agents" of, and co-conspirators with, the USDA defendants and, as such, "are liable for conspiracy and retaliation to deprive Black farmers and ranchers in discrimination." (FAC ¶¶ 86, 94, 99, 103.) The plaintiff, again, lacks standing to bring claims on behalf of other Black farmers and ranchers, and he fails to allege that he suffered any concrete injury-in-fact arising from any action or inaction by the private entity defendants.

Even if the FAC could, by some stretch of the imagination, be construed as establishing the plaintiff's standing to bring claims against these defendants, it is also clear that the FAC fails to allege facts that state a colorable claim against these defendants under any theory.

The claims against the private entity defendants are likewise subject to dismissal, meaning that the FAC will be dismissed in its entirety.

### C. The Plaintiff's Motions for Temporary Injunction and Default

The plaintiff does not address the Magistrate Judge's recommendations that his other pending motions must be denied. The court discerns no error. If the court lacks subject matter jurisdiction based on the plaintiff's lack of standing, it also lacks the authority to grant injunctive relief or a default judgment. Likewise, because the FAC fails to state a claim for which relief may be granted, the other motions are without merit. These motions will be denied as moot.

## V.     THE POST-R&R MOTIONS

Following the filing of the R&R, the plaintiff filed contemporaneously with his Objections a Motion [for] Leave to Supplement or [File] Second Amended Complaint Pursuant to FRCP 15(d) and a proposed Second Amended Complaint (Doc. Nos. 85, 85-1), Motion for Preliminary Injunction Against the Federal Defendants (Doc. No. 86), and Motion to Set Expedited Hearing for Preliminary Injunction with Federal Defendants (Doc. No. 87).

After a plaintiff has amended his pleading "once as a matter of course," he may engage in subsequent amendments only with the opposing party's consent or the court's leave. Fed. R. Civ. P. 15(a)(1), (2). The court is to grant such leave "when justice so requires." Fed. R. Civ. P. 15(a)(2). Ordinarily, as the Sixth Circuit has noted, Rule 15(a) supports the "principle that cases should be tried on their merits" and not on technicalities, and thus "assumes 'a liberal policy of permitting amendments.'" *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 937 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)).

The plaintiff now seeks to amend his complaint by adding a new defendant and asserting different theories of recovery based on the same events alleged in the FAC, as well as events that took place after the filing of the original Complaint. (*See* Doc. No. 85-1 (proposed Second Amended Complaint, asserting claims for (1) violation of the Equal Credit Opportunity Act; (2) discrimination and retaliation under 42 U.S.C. §§ 1981 and 1983; (3) fraud; (4) deprivation of his rights to due process and equal protection, under 42 U.S.C. § 1983; (5) conspiracy to deprive him of his constitutional rights, under 42 U.S.C. § 1983; (6) retaliation; (7) discrimination and retaliation under 42 U.S.C. § 1985(3); (8) state law claims for violations of the Tennessee Consumer Protection Act, breach of contract, tortious interference with contract, breach of fiduciary duty, and conversion; (9) negligence, under the Federal Tort Claims Act; (10) a takings claim under the Fifth Amendment; (11) additional retaliation claims under 42 U.S.C. §§ 1981 and

200d; (12) "5 U.S.C. § 701, 7 CFR 2.25(a)(i) and Equal Protection and Due Process under the Fifth Amendment" (Count Fifteen). The plaintiff again seeks numerous judicial declarations but, this time around, has also added a demand for compensatory, punitive, treble, nominal, liquid, incidental, consequential, general, and special damages totaling $45,000,000. (Doc. No. 85-1 at 54.)

The decision to grant or deny a motion to amend is within the sound discretion of the court. *Robinson v. Mich. Consol. Gas Co.*, 918 F.2d 579, 591 (6th Cir. 1990). Factors to consider include undue delay in filing the motion, notice to the opposing party, prejudice to the opposing party, and the futility of the proposed amendment. *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989) (quoting *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973)).

As was the case with the original Complaint and First Amended Complaint, the proposed Second Amended Complaint fails to lay out a concise statement of the facts showing that the plaintiff is entitled to relief. While the proposed amended pleading is over fifty pages in length, it consists almost entirely of legal jargon and conclusory and speculative assertions rather than concrete factual allegations that, if true, would entitle the plaintiff to relief. On this basis alone, the proposed amendment is futile.

In addition, this lawsuit has been pending for nearly two years with no forward motion. The USDA defendants have already filed two motions to dismiss. Allowing an amendment now would prejudice them, particularly insofar as the plaintiff seeks to assert new theories of recovery based on facts he has known since filing this lawsuit. It would prejudice the private entity defendants, insofar as it remains unclear whether the plaintiff has ever effected service of process on them.

Finally, insofar as the plaintiff seeks to amend his pleading to allege new facts and assert new claims against a new defendant, this would require the filing of a new lawsuit, given the age and posture of the case.

The court, therefore, will exercise its discretion to deny the Motion for Leave to File Second Amended Complaint. With the denial of that motion, all other pending motions will be denied as moot.

## VI.    CONCLUSION

As set forth herein, the court will overrule the plaintiffs' Objections (Doc. No. 84) and accept the R&R (Doc. No. 81). Accordingly, the USDA defendants' Motion to Dismiss will be granted, and the claims against the private entity defendants will be dismissed as well. The plaintiff's Motion for Leave to File Second Amended Complaint (Doc. No. 85) will be denied based on undue delay, prejudice to the defendants, and futility, and all other pending motions will be denied as moot.

An appropriate Order is filed herewith.

ALETA A. TRAUGER
United States District Judge